1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11  VALERIE MARTINEZ and SONIA              CASE NO. 1:10-cv-01511-SKO
    MONTEMAYOR,
12                                          **ORDER GRANTING MOTION TO**
                Plaintiffs,                 **DISMISS DEFENDANT COX**
13                                          **ENTERPRISES, INC.**
          v.
14

15  MANHEIM CENTRAL CALIFORNIA,             (Docket No. 26)
    MANHEIM'S PENNSYLVANIA
16  AUCTION, and COX ENTERPRISES,
    INC.,
17
                Defendants.
18
    _____/
19

20                          **I.   INTRODUCTION**

21          On June 25, 2010, Plaintiffs Valerie Martinez and Sonia Montemayor (collectively

22  "Plaintiffs") filed this action in Fresno County Superior Court against Defendants Manheim Central

23  California ("Manheim"), Manheim's Pennsylvania Auction ("MPA"), and Cox Enterprises, Inc.

24  ("Cox").[1] (Doc. 1, p. 7-33.) The complaint alleges violations of the California Fair Employment and

25  _____

26          [1] Through declaration, Cox explains the following with regard to MPA:

27          In 2009, Manheim Investments, Inc. and its related corporate entities engaged in a corporate
            consolidation process, which resulted in the merger of Manheim's Pennsylvania Auction Services, Inc.
            into Manheim Remarketing, Inc.  The entity which employed Plaintiffs is now known as Manheim
28          Remarketing, Inc. d/b/a Manheim Central California.

1   Housing Act, codified at Government Code § 12940, and a claim for wrongful termination in

2   violation of public policy.  (*Id.*)

3          On August 19, 2010, Manheim removed the case to this court.  In its removal notice,

4   Manheim asserted that the court has subject matter jurisdiction over this action on the basis of

5   complete diversity of the parties under 28 U.S.C. § 1332.  (Doc. 1, ¶¶ 2-5.)  Manheim stated that,

6   although Plaintiffs' complaint alleges that Manheim is a California corporation, Manheim is

7   incorporated in Delaware and has its principal place of business in Georgia; thus, Manheim is not

8   a California citizen for purposes of determining diversity.  (Doc. 1, ¶ 2.)[2]

9          On March 3, 2011, Cox filed a motion to dismiss for lack of personal jurisdiction pursuant

10  to Federal Rule of Civil Procedure 12(b)(2).[3]  Cox argues that the Court has no general or specific

11  personal jurisdiction over it, and it should be dismissed from the suit.  (Doc. 26-1.)  Plaintiffs filed

12  a brief in opposition on March 31, 2011, asserting that they are entitled to jurisdictional discovery

13  to determine whether personal jurisdiction over Cox exists.  (Doc. 30.)  On April 13, 2011, Cox filed

14  a reply brief disputing that Plaintiffs have made a colorable showing that personal jurisdiction exists

15  such that Plaintiffs are entitled to limited jurisdictional discovery.  (Doc. 31.)

16                                    **II.   DISCUSSION**

17  **A.     Legal Standard**

18         A non-resident defendant may be subject to the personal jurisdiction of the court where the

19  defendant has either a continuous and systematic presence in the state (general jurisdiction), or

20  minimum contacts with the forum state such that the exercise of jurisdiction "does not offend

21  traditional notions of fair play and substantial justice" (specific jurisdiction).  *Int'l Shoe Co. v.*

22  *Washington*, 326 U.S. 310, 316 (1945) (citations omitted).  Where there is no federal statute

23

24  (Doc. 26-2, ¶ 8.)

        [2] Neither MPA nor Cox joined in the notice of removal.  It appears that MPA has not been served, which may
25  be due to its consolidated corporate status.  Cox asserts in its motion to dismiss that it is a Delaware corporation with
    its headquarters in Georgia; thus, Cox asserts it is not a California corporation for purposes of diversity.

26
        [3] Cox notes in its motion that it is making a "special appearance only."  The Federal Rules of Civil Procedure
27  no longer make a distinction between special and general appearances.  As long as the lack of personal jurisdiction
    defense is timely raised, the defendant may appear and defend the action without waiving its jurisdictional objections.
28  *Wright v. Yackley*, 459 F.2d 287, 291 (9th Cir. 1972).

applicable to determine personal jurisdiction, a district court should apply the law of the state where the court is located. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California law requires only that the exercise of personal jurisdiction comply with federal due process requirements. Cal. Civ. Proc. Code § 410.10; *see id.* at 800-01;

General personal jurisdiction exists over a non-resident defendant when "the defendant engage[s] in continuous and systematic general business contacts that approximate physical presence in the forum state." *Fred Martin Motor Co.,* 374 F.3d at 801 (internal quotation marks omitted). Where a defendant is subject to a state's general jurisdiction, it can be haled into court in that state in any action, even if the action is unrelated to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters*, *Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Specific personal jurisdiction exists where a case arises out of forum-related acts. The Ninth Circuit employs a three-part test to determine whether specific jurisdiction exists:

(1)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefit and protections of its laws;
(2)   the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3)   the exercise of jurisdiction must comply with fair play and substantial justice, i.e.[,] it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre le Rascime Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006). "If the plaintiff succeeds in satisfying both the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Fred Martin Motor Co.*, 374 F.3d at 802 (internal quotation marks omitted).

The plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1128-29 (9th Cir. 2003). If a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need only demonstrate facts that if true would support jurisdiction

over the defendant." *Id.* at 1129 (citation omitted).  Unless the plaintiff's version of the facts is directly contravened, the plaintiff's factual allegations are taken as true.  *Id.*  Conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  *Id.* (citations omitted).

**B.     Contentions of the Parties**

Cox argues that it owns several subsidiaries that, in turn, own other subsidiaries.  Manheim is one of these "indirect subsidiaries."  (Doc. 26-1, 3:28 - 4:1 ("[Manheim] is an indirect subsidiary of an indirect subsidiary of Cox, and is engaged in the business of wholesale automobile auction services."); Doc. 26-2, Declaration of Shauna Sullivan Muhl, ¶ 3.)  Cox maintains that it does not engage in any business activities in California, has no registered agents in California, is not licensed or authorized to do business in California, and its Board of Directors does not meet in California.  (Doc. 26-2, ¶ 4.)  Moreover, with regard to Manheim, Cox does not exert management control over Manheim's operations, does not employ and has never employed Plaintiffs, does not manage or direct the work of any Manheim employee, and does not determine, direct, implement, or enforce the employment policies and practices for Manheim employees.  (Doc. 26-3, Declaration of Henry Cadle, ¶¶ 3-5; Doc. 26-2, ¶ 6.)  According to Cox, Plaintiffs cannot establish that Cox has minimum contacts with California or that the events of this case arose out of Cox's contact with California.  Further, the contacts Manheim has with California cannot be imputed to Cox because Manheim does not function as Cox's agent or its alter ego.

Plaintiffs do not dispute Cox's factual contentions set forth by declarations regarding its lack of contacts with California.  Instead, Plaintiffs suggest that Manheim's contacts with California are imputable to Cox for purposes of personal jurisdiction because Cox and Manheim are not actually separate entities.  However, Plaintiffs maintain they have no evidence to establish this assertion because any information about the two companies' corporate relationship is "peculiarly" within the knowledge of Cox and Manheim.  Plaintiffs state that they "have not had an opportunity to examine the relevant facts and circumstances surrounding the operations of Cox and Manheim, and plaintiffs should be given the opportunity to conduct discovery on these issues."  (Doc. 30, ¶ 12.)

**C.     Continuance of Cox's Motion for Jurisdictional Discovery is Not Warranted**

As an initial matter, Plaintiffs have not attempted to set forth a prima facie showing that personal jurisdiction over Cox is appropriate. Plaintiffs' sole argument in opposition is that they are entitled to jurisdictional discovery prior to the Court's decision on Cox's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

**1.     Legal Standard – Jurisdictional Discovery**

In considering a motion to dismiss for lack of personal jurisdiction, a court may either postpone the decision and permit discovery, determine the motion on the basis of the pleadings and affidavits, or hold an evidentiary hearing. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). Where the court makes its determination on the basis of the pleadings and affidavits, a plaintiff need only make a *prima facie* showing of jurisdiction. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993) ("well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a prima facie case of jurisdiction"). Subsequently, however – either before or during trial – the plaintiff must establish, by a preponderance of the evidence, that the court has personal jurisdiction over the defendant. *Data Disc, Inc.*, 557 F.2d at 1985 n.2.

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Local No. 498, United Foods & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc.*, 557 F.2d at 1285 n.1). However, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery . . . . " *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) (internal quotation marks omitted). In other words, limited discovery should not be permitted to conduct a "fishing expedition." *Rich*, 121 F.R.D. at 259 (citing *Poe v. Babcock Int'l., PLC*, 662 F. Supp. 4, 7 (M.D.Pa. 1985) and *McLaughlin v. McPhail*, 707 F.2d 800, 806-07 (4th Cir. 1983)).

Although there is no definitive Ninth Circuit authority specifically addressing the level of showing that a plaintiff must make to be entitled to jurisdictional discovery, district courts in this circuit have required a plaintiff to establish a "colorable basis" for personal jurisdiction before discovery is ordered.  *See, e.g., Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007); *eMag Solutions, LLC v. Toda Kogyo Corp.,* No. C 02-1611 PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006); *see also Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D.Haw. 2009).  "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Mitan*, 497 F. Supp. 2d at 1119 (citing *eMag Solutions, LLC*, 2006 WL 3783548, at *2, and *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672-73 (S.D. Cal. 2001)).

### 2.      Plaintiffs Have Made No Colorable Showing that Personal Jurisdiction Over Cox is Appropriate

At a minimum, to be entitled to jurisdictional discovery, Plaintiffs are required to produce *some* evidence tending to establish personal jurisdiction over Cox.  *Mitan*, 497 F. Supp. 2d at 1119. Plaintiffs do not plead any facts in their complaint or present any facts or argument in their brief in opposition to this motion indicating that Cox *itself* has substantial and continuous contacts with California or that the facts underlying Plaintiffs' claims arise out of some contact Cox had with the forum.  Rather, Plaintiffs' sole assertion is that personal jurisdiction over Cox *may* be appropriate based on the contacts that Manheim has with California.[4]

However, a parent and its subsidiary corporation are presumptively separate entities for jurisdictional purposes.  *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001).  As a result of this presumption, the existence of a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes.  *Id.*  Only where it can be shown that the subsidiary corporation is not functioning as a separate entity from the parent corporation will the contacts of a subsidiary be imputed to the parent.

---

[4] The parties do not dispute that Manheim operates in California and has sufficient contacts with the forum such that the exercise of general personal jurisdiction over Manheim is appropriate.

There are many types of oversight activities that a parent corporation may undertake of its subsidiary that are "consistent with the parent's investor status," but do not blur the entities' corporate separateness. *United States v. Bestfoods*, 524 U.S. 51, 69 (1998). For example, "[i]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts." *Id.*

On the other hand, it is also well established that if the parent and the subsidiary are "not really separate entities, or one acts as an agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation." *Unocal Corp.*, 248 F.3d at 926 (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)). In other words, a subsidiary's contacts with the forum may be imputed to the parent where the subsidiary is the parent's alter ego or the general agent of the parent. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 422-24 (9th Cir. 1977).

To satisfy the alter ego exception, the plaintiff must make out a prima facie case that: (1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate entities would result in fraud or injustice. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (citations omitted). "The first prong of the test has alternately been stated as requiring a showing that the parent controls the subsidiary 'to such a degree as to render the latter the mere instrumentality of the former.'" *Unocal Corp.*, 248 F.3d at 926 (quoting *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995)).

As the Ninth Circuit pointed out in *Unocal Corp.*, the alter-ego test may be satisfied, for example, where: (1) the subsidiary is used by the parent "as a marketing conduit" whereby the parent attempts to shield itself from liability based on its subsidiaries activities;[5] (2) the parent dictates "[e]very facet [of the subsidiary's] business – from broad policy decisions to routine matters of day-

---

[5] *Unocal Corp.*, 248 F.3d at 926 (citing *United States v. Toyota Motor Corp.*, 561 F. Supp. 354, 359 (C.D. Cal. 1983)).

1  to-day operation";[6] or (3) the subsidiary is inadequately capitalized.[7] *Unocal Corp.*, 248 F.3d at 926-

2  27.

3      The agency exception is met where "the subsidiary functions as the parent corporation's

4  representative in that it performs services that are 'sufficiently important to the foreign corporation

5  that if it did not have a representative to perform them, the corporation's own officials would

6  undertake to perform substantially similar services.'" *Id.* at 928 (quoting *Chan v. Soc'y Expeditions,*

7  *Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994)).   Stated differently, if the subsidiary merely functions as

8  an "incorporated department of its parent," there is an agency relationship.  *Id.* (quoting *Gallagher*

9  *v. Mazda Motor of Am. Inc.*, 781 F. Supp. 1079, 1084 (E.D. Pa. 1992)).

10      Plaintiffs' assertion that Cox and Manheim may not be separate entities is entirely

11  speculative.  Plaintiffs have not alleged in their complaint or identified in their opposition brief any

12  facts that remotely tend to support this contention.   The complaint alleges in only the most

13  conclusory terms that each defendant acted as the agent of the other defendants. (*See, e.g.,* Doc. 1,

14  p. 9, ¶ 6.)[8]  These facts fail to establish how Manheim acted as an agent or as the alter-ego of Cox.

15  In their opposition brief, Plaintiffs assert that the lack of any factual showing is due to the fact that

16  Cox and Manheim control all the information relative to their corporate relationship; Plaintiffs insist

17  that discovery is appropriate, and perhaps required, because of this.  (*See* Doc. 30, ¶ 8 ("in a motion

18  to dismiss for lack of jurisdiction, the party opposing the motion must be allowed discovery of the

19  facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the

20  opposing party").)  The Court declines Plaintiffs' invitation to find that discovery is appropriate in

---

22  [6] *Id.* at 927 (quoting *Rollins Burdick Hunter of So. Cal., Inc. v. Alexander & Alexander Servs., Inc.*, 206 Cal. App. 3d 1, 11 (1988).

23  [7] *Id.* at 927 (quoting *Slottow v. Am. Cas. Co. of Reading, Pa.*, 10 F.3d 1355, 1360 (9th Cir. 1993)).

24  [8] The complaint alleges that:

25  All of the acts and conduct committed by each and every corporate Defendant and described in this
26  Complaint were duly authorized, ordered and/or directed by the respective Defendants' corporate officers, directors and/or managing agent(s).  In addition, these corporate employers participated in the aforesaid acts and conduct of their employees, agents, and each of them, and approved each and
27  all of the acts and conduct of the Defendants' corporate employees.

28  (Doc. 1, p. 9-10, ¶ 6.)

1  the absence of a minimal factual showing supporting personal jurisdiction and, moreover, where no

2  theory has been posited about what facts would be discovered and what they would show if Plaintiffs

3  were permitted to fish on a hunch that something might be caught in a widely-cast net.  *See*

4  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (denial of discovery request not an abuse

5  of discretion where request "was based on little more than a hunch that it might yield jurisdictionally

6  relevant facts").

7       Further, contrary to Plaintiffs' assertions, the declarations provided in support of Cox's

8  motion do not provide a colorable theory of personal jurisdiction to support limited discovery.

9  Plaintiffs assert that because Manheim and Cox are both headquartered in Atlanta, Georgia, and

10  because they share a director on their respective Boards of Directors, Cox must exercise some

11  management control over Manheim.  (Doc. 30, ¶ 8.)  The fact that Cox is headquartered in the same

12  place as its subsidiary and shares one common director with Manheim does not indicate that the two

13  corporations have indistinct personalities.  *See, e.g., Calvert*, 875 F. Supp. at 678 (finding the facts

14  that a parent company had an ownership interest in a subsidiary, that the parent and the subsidiary

15  had some interlocking directorates and officers, that the parent had incorporated subsidiary's income

16  figures into its financial reports, that the parent had guaranteed a promissory note for the subsidiary,

17  and that the parent and the subsidiary shared counsel were not sufficient to confer alter ego status);

18  *see also Bestfoods*, 524 U.S. at 69 (explaining "time-honored common-law rule" that directors and

19  officers can hold positions in both subsidiary and parent corporations without endangering distinct

20  and separate corporate personalities).

21       Plaintiffs also maintain that Cox's assertion regarding Manheim's capitalization is not

22  supported by financial documentation.  (Doc. 30, ¶ 8.)  For purposes of this motion, it is not Cox's

23  burden to prove that it has maintained proper corporate separateness with Manheim and that piercing

24  the corporate veil is inappropriate.  Rather, it is Plaintiffs' burden to make a minimal factual showing

25  that they are entitled to jurisdictional discovery or to make a prima facie showing that personal

26  jurisdiction is appropriately exercised.  *Orchid Biosciences, Inc.*, 198 F.R.D. at 672-73.  Neither

27  showing has been made by Plaintiffs.  In sum, Plaintiffs' argument amounts to nothing more than

28

1   speculation or a hunch that discovery will turn up sufficient facts to demonstrate that jurisdiction

2   over Cox in California is proper. *Terracom*, 49 F.3d at 562 ("[w]here a plaintiff's claim of personal

3   jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials

4   made by defendants, the Court need not permit even limited discovery") (internal quotation marks

5   omitted).

6          Accordingly, Cox's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED.

7   Plaintiffs have not set forth a prima facie showing that personal jurisdiction over Cox is appropriate

8   and jurisdictional discovery is not appropriate. The Court, therefore, does not reach Cox's alternative

9   argument that Plaintiffs' claims against Cox under the California Fair Employment and Housing Act

10  should be dismissed for failure to exhaust administrative remedies.

11

12  IT IS SO ORDERED.

13  **Dated:     April 18, 2011**                         /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28